UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ORDER SETTING MANDATORY
SCHEDULING CONFERENCE

CTRM: #8 (6th Floor)

BARBARA A. McAULIFFE
U.S. MAGISTRATE JUDGE

Rule 16, Fed.R.Civ.P., requires the Court to enter a Scheduling Conference Order within 120 days of the date of the Complaint being served upon the defendant. Therefore, it is ordered that you appear for a formal Scheduling Conference before United States Magistrate Judge Barbara A. McAuliffe, in Courtroom 8 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

The Court is unable to conduct a scheduling conference until the defendant(s) has/have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to Fed.R.Civ.P., Rule 4, regarding the requirement of timely service of the complaint. Failure to serve summons and complaint timely may result in the imposition of sanctions, including dismissal of unserved defendants.

Due to the mandates of Rule 16, this Order may be served upon counsel for the plaintiff(s)

1  before appearances of defendant(s) are due.  It is the obligation of counsel for the plaintiff(s) to serve
2  a copy of this Order on the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of
3  this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule
4  135(a) of the Local Rules of Practice for the Eastern District of California.

5  Attendance at the Scheduling Conference is *mandatory* by each party not represented by
6  counsel or by retained counsel.  Only counsel who are thoroughly familiar with the facts and the law
7  of the instant case, and who have full authority to bind his or her client, shall appear.  Trial counsel
8  should participate in this Scheduling Conference whenever possible.  It may be necessary for
9  counsel to spend as much as 45 minutes in this Conference.

10  A Joint Scheduling Report, carefully prepared and executed by all counsel/pro se parties,
11  shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and
12  shall be e‑mailed, in WordPerfect or Word format, to bamorders@caed.uscourts.gov.

13  For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate
14  the date, time, and courtroom of the Scheduling Conference.  This information is to be placed
15  opposite the caption on the first page of the Report.  Among other things, counsel will be expected to
16  discuss the possibility of settlement. Counsel are to discuss settlement thoroughly with each other
17  before undertaking the preparation of the Joint Scheduling Report and engaging in extensive
18  discovery.  However, even if settlement negotiations are progressing, counsel are expected to comply
19  with the requirements of this Order unless otherwise excused by the Court. If the case is settled,
20  please **promptly** inform the Court, and counsels' presence, as well as the Joint Scheduling Report,
21  will not be required.

22  **Counsel may request that their attendance be by telephonic conference.**  If two or more
23  parties wish to appear telephonically, counsel shall decide which will be responsible for making
24  prior arrangements for the conference call and shall initiate the call at the above‑designated time.
25  After all parties are on the line, the call should then be placed to Judge McAuliffe's chambers at
26  (559) 499-5789.  **Additionally, counsel are directed to indicate on the face page of their Joint**
27  **Scheduling Report that the conference will be telephonic.**

28  At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all

parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference preferably should be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel/pro se parties is permissible. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

**Form and Contents of the Joint Scheduling Report**

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. A proposed deadline for amendments to pleadings shall be included. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary of the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, e.g., hearings of motions, etc.

6. A complete and detailed discovery plan addressing the following:

    a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

    b. A firm cut-off date for non-expert discovery;

    c. A firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

    d. A firm cut-off date for expert witness discovery;

    e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

    f. Whether the parties anticipate the need for a protective order relating to the

|     |     |                                                                                                                                          |
| --- | --- | ---------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | discovery of information relating to a trade secret or other confidential research, development, or commercial information;             |
|     | g.  | Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;                                          |
|     | h.  | Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery; |
|     | i.  | Whether any party anticipates video and/or sound recording of depositions; and                                                           |
|     | j.  | Whether the parties foresee a need for a Mid-Discovery Status Report and Conference and, if so, a proposed date for conducting the conference. |

7. Discovery relating to Electronic, Digital and/or Magnetic data. Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operating, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

8. Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

    a. <u>Computer-based information (in general)</u>: The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation.

    b. <u>E-mail information</u>: The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail

messages.

    c.    <u>Deleted information</u>: The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

    d.    <u>Back-up data</u>: The parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

9. Dates agreed to by all counsel for:

    a.    Filing non-dispositive and dispositive pre-trial motions with the understanding that motions (except motions in *limine* or other trial motions) will not be entertained after the agreed upon date, which shall be no later than 10 weeks prior to the proposed Pre-Trial Conference date.

    b.    Pre-Trial Conference Date.  (This date shall be no later than 45 days prior to the proposed trial date.)

    c.    Trial date.

All of these dates should be considered firm dates.  Dates should be set to allow the court to decide any matters under submission before the Pre-Trial Conference is set.

10. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement.  The parties shall indicate when they desire a settlement conference, e.g., before further discovery, after discovery, after pre-trial motions, etc.

11. A statement as to whether the case is a jury or non-jury case.  If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

/////

/////

12. An estimate of the number of trial days is required.  If the parties cannot agree, each

party shall give his or her best estimate.  In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

13. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

14. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

15. Joint Scheduling Reports are to be e-mailed, in WordPerfect or Word format, to bamorders@caed.uscourts.gov.

**Important Chambers' Information**

The parties are directed to the courtroom calendar on the court's website at www.caed.uscourts.gov for specific information regarding Chambers' procedures.   Select "McAuliffe" from the pull down menu and then click on "More Calendaring Information."  Information about law and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided at this link.

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held and judgment of dismissal, default, or other appropriate judgment may be entered, or sanctions, including contempt of court, may be imposed and/or ordered.**

/s/ Barbara A. McAuliffe

BARBARA A. McAULIFFE
U.S. MAGISTRATE JUDGE